### Case No. 4,851.

FLANDERS v. ABBEY et al.

[6 Biss. 16.][1]

Circuit Court, E. D. Wisconsin. Feb., 1874.

Davis & Flanders, for complainant.

Finches, Lynde & Miller, for defendants.

HOWE, District Judge. This is a demurrer to a bill in equity brought by plaintiff as assignee of Little & Fyler, bankrupts.

The bill alleges that in February, 1871, Little executed a note for $2,000, and procured

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

it to be indorsed by the defendant, Matilda O. Abbey, the wife of defendant, D. C. Abbey, and "by such indorsement charged her own individual and separate estate for the payment thereof;" that the note was subsequently "passed" to the defendant bank; that within two months of the adjudication of bankruptcy, all the defendants and the bankrupt Little confederated together for the purpose of obtaining a fraudulent preference over the creditors of the bankrupt, and, in execution of that purpose, obtained $2,000 from the sale of property of the bankrupts, and paid the same to the defendant bank, and took up the note; that the bankrupts were at that time insolvent, and that all the defendants knew them to be so; that the note was so paid before maturity; that the defendant bank knew that the money was obtained from the property of the bankrupts; that it was paid to and received by it to prevent its going into the hands of the assignee, for the purpose of obtaining a fraudulent preference and to defeat the provisions of the bankrupt act.

The bill further avers that defendant, D. C. Abbey, was in the employment of the bankrupts when these acts were committed, and was at the same time the agent of his wife in all the transactions; that defendant Matilda "has of her own separate estate, independently of her said husband, certain property and estate in the city of Milwaukee, Wis., which said property and estate, she, the said Matilda, charged with the payment of the note hereinbefore mentioned."

The relief prayed is that the plaintiff may be decreed to be entitled to the said sum of $2,000, and that the defendant bank and defendant Matilda be decreed to pay it to him, and for general relief. Each of the defendants files a separate demurrer.

The causes of demurrer assigned are:

1. That plaintiff has complete remedy at law.

2. That plaintiff has joined several distinct matters in his bill.

3. Multifariousness: that defendant, D. C. Abbey, is not properly a party, no relief being prayed against him.

4. That plaintiff, as to defendant, Matilda, has not stated such a case as can constitute a proper or legal charge upon her separate estate.

I. As to the alleged want of equity in the bill, as against all the defendants. The substance of the bill in this respect is that the acts of the defendants in obtaining from the property of the bankrupts the money and applying it in the payment of the note due to one of them and indorsed by the other, under all the circumstances, was a fraudulent act, both as to the other creditors and as to the bankrupt act itself.

It is a well-settled rule that courts of equity possess a general concurrent jurisdiction with courts of law in cases of fraud cognizable in the latter; and exclusive jurisdiction

in cases of fraud beyond the reach of the courts of law. 1 Story, Eq. Jur. § 184.

In cases of alleged fraud, courts of law and equity have a concurrent jurisdiction, and the party may apply to one or the other, at his option. Goss v. Lester, 1 Wis. 52.

Section 2 of the bankrupt act [of 1867 (14 Stat. 517)] gives this court jurisdiction of all suits in law or equity, which may be brought by the assignee touching any property or rights of property of the bankrupt, transferable to or vested in such assignee.

This section leaves the jurisdiction as between the two courts as it was at the time of its passage. It does not enlarge the equity powers of the court, but leaves them as they were before. Whenever, then, any proper party would be entitled to invoke the aid of an equity court, the assignee in bankruptcy, by virtue of this section, has the same right, upon the same facts. The allegations of fraud confer the power upon the equity court in both cases.

These principles were applied by Judge Lowell, of the district court of Massachusetts,—Pratt v. Curtis [Case No. 11,375],—in the case of a suit in equity by the assignee of a bankrupt to set aside a voluntary conveyance of land, where the fraud alleged was an attempt to delay and hinder creditors; to a suit in equity by an assignee to set aside mortgages of personal property, where the fraud alleged was a design to give the mortgagee a preference over creditors of the bankrupt, by Justice Clifford in circuit court for the district of Maine,—Scammon v. Cole [Id. 12,432]; to a suit in equity by an assignee to recover the proceeds of goods sold under judgment in a state court against the bankrupt, taken by confession, where both parties knew of the insolvency,—Traders' Bank v. Campbell, 14 Wall. [81 U. S.] 87. These proceeds were money in the possession of the bank, and a suit at law was a plain, simple and adequate remedy.

I think these cases dispose of the demurrer, and that it must be overruled as to the defendant bank.

II. The demurrer as to the other defendants raises an entirely different question. Is the plaintiff entitled to any relief as to the defendant Matilda and her husband upon the facts stated in the complaint? We have already shown that the foundation for the claim for relief against her is the indorsement by her of the paper of the bankrupts—for their accommodation. It is not alleged that it was in any manner for the benefit of her separate estate, or that she received any consideration for the act. The bankrupts wanted to borrow money. They were unable to do it upon their own credit. She executed no paper or instrument, creating any express charge upon her estate. The bill alleges that she charged her separate estate, "by such indorsement." After the indorsement, and probably because of it, it was taken by the defendant bank. At law, independent of any statute of this state, such an indorsement would be void, creating no liability against the feme covert. The effect of the Wisconsin statute of 1850 (the only one that can affect this question) conferring certain powers upon married women, has been several times before the supreme court of this state. It was finally held, in Conway v. Smith, 13 Wis. 125, that the contracts of a married woman, when necessary or convenient to the proper use and enjoyment of her separate estate, were binding in law.

But the same court held, in Todd v. Lee, 15 Wis. 365, that all her other engagements stood as before the passage of the act, good only in equity. The change from an equitable to a legal estate has not in respect to them enlarged her power, or removed the disability of coverture, but she remains as if still possessed of an estate in equity, without restriction as to her power of disposition.

The only question, then, is: Will the feme covert by the indorsement of this note, create such a debt or incur such a liability that a court of equity will make it a charge upon her separate property? Different rules have been applied to such facts by the leading equity courts of this country and those in England. The English rule has been broader than that usually enforced here. There they have applied the separate estate of a feme covert to the payment of all her debts without inquiry into the purposes for which they were contracted. It was enough to know that she had contracted the liability; the court applied her estate to its discharge as fully as a court of law applied the property of any debtor to the payment of a judgment against him. The courts of New York went very far at one time in the same direction. Without stopping to make any examination of the many cases on this subject, it is sufficient now to remark that a more restricted rule has been generally applied by the courts of this country, and I think the true doctrine is that stated by the supreme court of Massachusetts, in the case of Willard v. Eastham, 15 Gray, 328.

When, by the contract, the debt is made expressly a charge upon the separate estate, or is expressly contracted upon its credit, or when the consideration goes to the benefit of such estate, or to enhance its value, then equity will decree that it shall be paid from such estate, or its income, to the extent to which the power of disposal by the married woman may go. But when she is a mere surety, or makes the contract for the accommodation of another without consideration received by her, the contract being void at law, equity will not enforce it against her estate, without an express instrument making the debt a charge upon it. Upon this point see, also, Yale v. Dederer, 18 N. Y. 265; Peake v. Labaw, 6 C. E. Green [21 N. J. Eq.] 269; Kimm v. Weippert, 46 Mo. 534.

If a court of equity will not enforce the liability created by that indorsement upon the

separate estate of this defendant, it will be at once conceded that it will not make any decree against her personally. The only reason given for making her a party, is the fact of this indorsement. It is not alleged that she received the money from the bankrupt's property, with which the note was paid. That was paid to the bank. As no decree can be had against her, it follows that she was improperly made a defendant.

The only reason for making D. C. Abbey a defendant, is that he is the husband of Matilda, and that she could not be sued without joining him in the proceedings.

The demurrer must be sustained as to the defendants Abbey, without costs to either party, plaintiff to amend his complaint within ten days, if he so elects.